UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>NEIL L. TASSANO, KATHERINE E. TASSANO, GINGER SHIELDS, KATHY JOHNSTON, LAURAL WALKER, and IRON EAGLE PROPERTY MANAGEMENT, LLC,<br><br>                Defendants. | Case No. 1:14-cv-00338-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Amend Case Management Order. (Dkt. 31.) Intermountain Fair Housing Council objects to the motion and has submitted a lengthy response. (Dkt. 33.) Defendants[1] have replied and the matter is fully briefed. Upon review of the briefing, the record in this case and the pertinent rules and other

---

[1] Defendants Neil and Katherine Tassano did not join in this motion, nor did they file an objection. All references to Defendants in this Memorandum Decision and Order are to the moving Defendants--Ginger Shields, Kathy Johnston, Laural Walker, and Iron Eagle Property Management, LLC.

**MEMORANDUM DECISION AND ORDER - 1**

authority, the Court has determined that the decisional process on this motion will not be significantly aided by oral argument. Dist. Idaho Loc. Civ. R. 7.1(d). Therefore, the Court will address the motion without a hearing.

## BACKGROUND

On November 17, 2014, the Court entered a Case Management Order based on the parties' litigation plan. (Dkt. 18, 23.)[2] Since its entry, the Court has twice modified the Order. In the first modification, the Court extended the ADR deadline through June 12, 2015, at the request of the ADR administrator and upon the stipulation of the parties. (Dkt. 25.) In the second modification, the Court extended the factual discovery deadline through September 1, 2015, at the request of all parties (Dkt. 28, 29.) Neither amendment modified the July 1, 2015 deadline for filing dispositive pretrial motions included in the original Case Management Order. (Dkt. 18.)

Prior to engaging in a settlement conference and prior to entering into the June 8, 2015 stipulation to extend the factual discovery deadline, Defendants' counsel emailed Plaintiff's counsel to schedule a number of depositions. (Dkt. 33-1 at 7.) In his email he stated, "[i]f we do not [take depositions now], and the case does not settle at mediation, there will be no time to conduct discovery and prepare for trial." *Id.* Plaintiff's attorney responded with the following suggestion:

> *I do see that the discovery deadline is June 1, 2015. Rather than conducting depositions prior to that date when there is a settlement conference scheduled for June 4, 2015, I suggest that we stipulate to extend the*

---

[2] The District Judge in this case adopted the Case Management Order after the matter was reassigned due to lack of all parties' consent to full magistrate judge jurisdiction.

**MEMORANDUM DECISION AND ORDER - 2**

> *discovery deadline out to August 1, 2015. That would avoid the parties incurring significant expenses prior to attempting settlement.*

*Id.* at 8. In the parties' stipulation to modify the factual discovery deadline, the parties supported the stipulation by stating they desired the informal agreed- upon extension to facilitate settlement and minimize the costs of litigation to promote settlement. (Dkt. 28.) The Court's order approving the stipulation and amending the factual discovery deadline stated: "All other deadlines and provisions of the Case Management Order remain in effect." (Dkt. 29.)

On June 4, 2015, the parties participated in a settlement conference, but were unable to reach settlement. (Dkt. 27.) On July 28, 2015, Defendants filed this motion seeking to amend the Case Management Order and extend the dispositive pretrial motion deadline. (Dkt. 31.)

## ANALYSIS

Rule 16(b) provides that a scheduling order may be modified only upon a showing of "good cause." *See, e.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The "good cause" standard is focused primarily on the diligence of the party seeking the modification. *Sadis v. Vailas*, 943 F.Supp.2d 1125, 1138 (D. Idaho 2013). The Ninth Circuit has stated that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990).

**MEMORANDUM DECISION AND ORDER - 3**

In this case, the original Case Management Order set July 1, 2015, as the cutoff date for filing dispositive pretrial motions. Defendants' Motion to Amend, filed July 28, 2015, comes nearly one month after the deadline. Counsel for Defendants sets forth in his affidavit submitted with the motion purported reasons to extend the dispositive motions deadline, including counsel's misunderstanding of his stipulation to the second modification to the Case Management Order. (Dkt. 31-1 at 2.) He explains the omission of an extended dispositive motions deadline was an oversight and that he otherwise would not have agreed to delay factual depositions until after mediation if doing so would not allow time for discovery to support a dispositive motion. (Dkt. 31-1 at 4.) In addition, he contends that allowing the parties an opportunity to file dispositive pretrial motions would serve substantial justice and likely assist in narrowing, clarifying or determining the merits of this case. *Id.*

Plaintiff objects to amending the dispositive motions deadline and argues that Defendants failed to address Fed. R. Civ. P. 16(b)'s "good cause" standard necessary to amend a scheduling order of the Court. (Dkt. 33.) Plaintiff also highlights procedural irregularities of the motion. Last, Plaintiff seeks attorney's fees as costs or sanctions if the Court grants Defendants' motion.

Most specifically, Plaintiff argues that Defendants failed to demonstrate diligence prior to expiration of the dispositive motion filing deadline in the initial Case Management Order, despite having several opportunities to realize that the filing deadline remained unchanged. First, in the email exchange between the parties, Plaintiff's counsel specifically proposed an amendment to the factual discovery deadline and nothing more.

**MEMORANDUM DECISION AND ORDER - 4**

(Dkt. 33-1 at 4.) Then, in the parties' stipulation, the caption of which is titled "Stipulation to Extend Deadline for Completion of Discovery," no references were made to any additional deadline extensions. (Dkt. 28.) Finally, in the Court's order amending the factual discovery deadline, it specifically stated, "[a]ll other deadlines and provisions of the Case Management Order remain in effect." (Dkt. 29.) None of the above makes any reference to an extension of the dispositive motions deadline.

The Court finds Defendants failed to heed these clear signals that the dispositive motions deadline remained as is. In this regard, Defendants lacked diligence in failing to realize that the dispositive motions deadline remained July 1, 2015 (having had at least three chances to do so).[3] However, the Court understands how a party might reasonably expect deadlines that typically follow the completion of discovery would be extended in parallel with the extension of discovery deadlines, especially when, as in this case, there was no trial setting in the original Case Management Order.[4] The Court also acknowledges, as raised by Defendants, that dispositive pretrial motions can serve substantial justice by narrowing, clarifying, or determining the merits of the case before trial. Such motions also require litigation expense that the parties here apparently were attempting to avoid when they delayed completion of discovery and stipulated to extend the discovery deadlines in the event mediation was unsuccessful.

---

[3] The Court would expect also that counsel and his law firm staff calendared and appropriately tickled the deadlines in the original Case Management Order and as amended twice.
[4] The Court generally is reluctant to extend motion filing deadlines when such extensions are likely to interfere with a trial date or with efficient case management.

**MEMORANDUM DECISION AND ORDER - 5**

With consideration of the foregoing and with due reference to Rule 1 of the Federal Rules of Civil Procedure, the Court will reset the dispositive pretrial motions deadline for 30 days after the discovery deadline—October 1, 2015—and will set a jury trial to commence in this matter on March 8, 2016, at 9:30 a.m. in the Federal Courthouse in Boise, Idaho. And, given the Court's reluctance to ignore the lack of diligence of Defendants' counsel and the prejudice claimed by Plaintiff, the Court will order also that Plaintiff's attorney's fees for time reasonably spent responding to the motion for extension be paid by the Defendants.[5] Counsel are directed to meet and confer regarding those fees. If no agreement is reached before September 11, 2015, Plaintiff may file a petition for fees related to preparation of its opposition to Defendants' motion for the Court's consideration on or before September 18, 2015.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Amend Case Management Order (Dkt. 31) is **GRANTED** as explained above**;**

2) The Case Management Order is amended to extend the dispositive pretrial motion deadline for all parties to *<u>October 1, 2015</u>*;

3) Defendants shall pay reasonable attorney's fees to Plaintiff for the time spent opposing the motion;

---

[5] The Court does not condone the unharmonious banter between counsel in their submissions with this motion and notes that both the tone and length of Plaintiff's response was unnecessary relative to an issue that could have been addressed much more succinctly and in considerably fewer pages. Counsel should take this into account when conferring on the amount of attorney's fees reasonably incurred by Plaintiff in opposing the motion.

**MEMORANDUM DECISION AND ORDER - 6**

4) If no agreement is reached regarding the amount of attorney's fees, Plaintiff's petition for fees must be filed on or before **_September 18, 2105_**; and

5) A jury trial is set to commence **_March 8, 2016, at 9:30 a.m_**. in the Federal Courthouse in Boise, Idaho. An order with pretrial deadlines is forthcoming.

Dated: **August 28, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 7